IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JARROD DOZIER, ROBERT BUSTAMANTE, BARRY DURHAM, and JOHN BROCK | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 06-CV-570-JHP-SAJ |
| AARON SALES & LEASE OWNERSHIP FOR LESS, a division of AARON RENTS, Inc., a Georgia Corporation, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Before the Court is the United States Magistrate Judge's Certificate of Contemptuous Behavior on the part of Plaintiff John Brock [Docket No. 54].

The Court adopts the facts certified by the Magistrate pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and finds them fully supported by the record. Based upon those certified facts, the Magistrate recommended Brock be ordered to appear before this Court to show cause why he should not be held in civil contempt for his repeated failures to comply with the Magistrate's discovery orders. The Court held a show cause hearing on February 25, 2008, at which Brock failed to appear.

While this Court agrees with the Magistrate's conclusion that Brock has behaved contemptuously, and that civil contempt proceedings are authorized under Fed. R. Civ. P. 37(b)(2)(A)(vii), the Court finds that the appropriate course of action is to simply dismiss Brock from the case with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

1

Brock has repeatedly refused to comply with court orders, and his behavior makes it quite clear that he has no interest in proceeding as a plaintiff in this action. Brock's general disregard for court orders gives this Court little confidence the coercive remedies available to this Court under its civil contempt power would have any effect, and the Court is convinced that keeping Brock in this case as a party will do nothing but hinder the efficient disposition of this case. While the Court understands Defendant's need to obtain Brock's testimony, Defendant has failed to show why Brock need be a party to this action for that testimony to be obtained. In fact, the Court is convinced that Brock's testimony can best be obtained through this (or another) Court's subpoena power.

The Court, therefore, dismisses Plaintiff John Brock from the case with prejudice, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

IT IS SO ORDERED.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma